UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

       Plaintiff/respondent,

v.                                     CASE NO: 05-CR-80501
                                                   2:06-CV-14168
                                              HONORABLE PAUL D. BORMAN
JOE NATHAN DAVIS,                MAGISTRATE JUDGE PAUL J. KOMIVES

       Defendant/movant.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

II.    REPORT:

A.    *Procedural Background*

1.    Defendant Joe Davis is a federal prisoner confined at the Federal Correctional Institution in Morgantown, West Virginia.

2.    On March 14, 2005, defendant made his initial appearance in court, with counsel, before United States Magistrate Judge Donald A. Scheer and was released on a $10,000 bond.

3.    On May 27, 2005, defendant was charged in a one count Information, in the Eastern District of Michigan. Count 1 of the Information charged defendant with Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1).

4.    On July 5, 2005, defendant and his then attorney appeared in court before United States Judge Paul D. Borman. Pursuant to a written Rule 11 Plea Agreement, defendant tendered a

plea of guilty to Count 1 of the Information which was accepted by the Court and taken under advisement.

5.  Next, defendant, proceeding *pro se*, filed the instant motion pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel.

B.  *Legal Standard Governing Defendant's Ineffective Assistance Claims*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, defendant must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the

reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695.

C.  *Analysis*

Defendant contends that his trial counsel was constitutionally ineffective in a number of respects. The Court should conclude that defendant is not entitled to relief on these claims.

1.  *Defendant Attorney's Failure to Object to the Two (2) Point Enhancement*

First, defendant claims that his counsel was ineffective at sentencing for not properly objecting to the two point enhancement due to defendant's possession of firearms. He contends that this impacted his decision to accept a plea agreement with the government for a recommended 18 to 23 month sentence, when otherwise a probationary sentence would have been rendered.

However, defendant's attorney did, in fact, directly object to the two point enhancement due to defendant's possession of firearms. Pl.'s Br. Exhibit B at A-1. Moreover, defendant's counsel would not have been deficient even if it had not objected to the two point enhancement because this objection was without merit. *See United States v. Faison*, 339 F.3d 518, 520 (6th Cir. 2003). The government admittedly made a mistake and gave its sentencing recommendation to the court without taking into account defendant's two point enhancement due to the possession of firearms. Thus, if the government had realized its error, then defendant's recommended sentence would have been even higher than 18 to 23 months and certainly not a probationary sentence. Further, defendant testified at the plea hearing that he understood that the government's sentencing recommendation would be 18 to 23 months. Defendant thus cannot demonstrate that counsel was ineffective for failing to object, as counsel cannot be deemed ineffective for failing to raise a meritless objection.

3

*See Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995); *Burnett v. Collins*, 982 F.2d 922, 929 (5th Cir. 1993). Accordingly, the Court should conclude that defendant is not entitled to relief on this claim.

2. *Failure to File a Notice of Appeal*

Defendant next claims that his counsel was ineffective for failing to file a notice of appeal. However, defendant waived the right to appeal his conviction or sentence contingent upon a sentence less than 46 months. Pl.'s Br. Exhibit D at 3; Exhibit F at 12-13. Appeal waivers are completely enforceable and legitimate. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Thus, because defendant's sentence was for 18 months, he is not entitled to an appeal, and counsel was therefore not ineffective by failing to file an appeal. *See Rosa v. United States*, 170 F. Supp. 2d 388, 408 (S.D.N.Y. 2001); *see also*, *Wright v. United States*, No. 04 C 6579, 2007 WL 79250, at *3 (N.D. Ill. Jan. 5, 2007).[1] Accordingly, the Court should conclude that defendant is not entitled to § 2255 relief on this claim.

D. *Conclusion*

In view of the foregoing, the Court should conclude that defendant has not established his entitlement to relief under § 2255 because his ineffective assistance of counsel claims are without merit. Accordingly, the Court should deny defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

---

[1]Petitioner does not contend that counsel was ineffective in connection with the waiver of appeal rights contained in the plea agreement.

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 8/22/07

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 22, 2007.
>
> s/Eddrey Butts
> Case Manager